UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SUSAN RAWSKI,**

       **Plaintiff,**　　　　　　　　Civil Action No. 17-cv-11951

       v.　　　　　　　　　　　　District Judge Nancy G. Edmunds

**COMMISSIONER OF**　　　　　　Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Susan Rawski seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 17). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.　　RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**, and that the case be dismissed in its entirety.

## II.     PROCEDURAL HISTORY

On November 19, 2014, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she has been disabled since April 16, 2014. (TR 107.) The Social Security Administration initially denied Plaintiff's claims on April 17, 2015. (TR 66.) On August 25, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Dawn Gruenburg. (TR 24-51.) On September 29, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 10-20.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on April 18, 2017. (TR 1-3.) On June 20, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 14; docket no. 17.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 14, pp. 4-9.) In addition, the ALJ summarized Plaintiff's testimony and medical record (TR 15-18), and Defendant provided its own summary of Plaintiff's medical condition (docket no. 17, pp. 4-6). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

### IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through the date of the decision, and also determined that Plaintiff did not engage in substantial gainful activity since April 16, 2014, the alleged onset date. (TR 15.) The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and joint disease of the lumbar spine. (*Id*.)  Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id*. at 17.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following limitations:

- Plaintiff must use a cane to ambulate and balance;
- Plaintiff can sit for one hour and then stand for 20 minutes at 20 minute intervals;
- Plaintiff can frequently push and/or pull with the lower extremities;
- Plaintiff can frequently climb stairs and occasionally climb ladders;
- Plaintiff can frequently balance, crouch and kneel;
- Plaintiff can occasionally stoop and crawl.

(*Id*.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that Plaintiff could perform the requirements of occupations that exist in significant numbers in the national economy, including semiskilled sedentary receptionist (DOT #237 367 038) and appointment clerk (DOT #237 367 018). (TR 19.) Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (*Id*. at 20.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'"  *Id.* (citations omitted).

### C.     Analysis

Plaintiff contends that the ALJ committed three errors.  First, Plaintiff asserts that the ALJ failed to comply with CFR § 404.1527 in evaluating the opinion of state agency psychologist David Hayter, Ph.D.  (Docket no. 14, pp. 11-12.)  Second, Plaintiff argues that the ALJ erred by failing to find that Plaintiff's depression and anxiety were "severe" impairments.  (*Id.* at 12-15.)  Finally, Plaintiff alleges that the ALJ's RFC is not supported by substantial evidence.  (*Id.* at 15-17.)  The undersigned will address these issues in turn below.

#### *1.  Evaluation of Dr. Hayter's Opinion*

First, Plaintiff contends that the ALJ erred in evaluating the opinion of Dr. David Hayter, a state-agency consultative psychologist.  (*Id.* at 11.)  In particular, Plaintiff contends that the ALJ failed to analyze Dr. Hayter's opinion according to the factors listed in CFR § 404.1527, including supportability, consistency, and specialization.  (*Id.*)

Dr. Hayter examined Plaintiff on February 19, 2015.  (TR 253.)  In his report, Dr. Hayter observed that Plaintiff was cooperative, alert, and able to care for herself, and concluded by opining that Plaintiff was "generally restricted to performing simple, routine, repetitive, concrete, tangible tasks."  (TR 254-55.)

In her decision, the ALJ observed that Dr. Hayter made "no remarkable findings" and that his report was "quite benign."  Although the ALJ did not expressly assign a particular weight to Dr. Hayter's opinion, the substance of her decision establishes several reasons for discrediting Dr. Hayter's proposed limitations.

First, as the ALJ emphasized, Dr. Hayter's evaluation was "quite benign," assigning Plaintiff a "good" rating in each of the following seven categories: social, ADL, communication, relationships [with] adult authority, social support, coping skills, frustration, and behavior.  (TR

6

256.) In addition, the ALJ observed that Plaintiff "is not under formal treatment for a mental problem" and that Plaintiff "testified that she stopped working when her place of employment was sold, not because of her medical condition." (TR 18.) This analysis comports with § 404.1527, which does not mandate the ALJ to expressly evaluate each of the listed factors. *See Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011) (observing that § 404.1527 does not require "an exhaustive factor-by-factor analysis").

### 2. Additional Severe Impairments

Next, Plaintiff contends that the ALJ erred by declining to find that her depression and anxiety constituted additional severe impairments. (Docket no. 14, pp. 12-15.) However, after an ALJ makes a finding of severity as to even one impairment, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citing Soc. Sec. Rul. 96–8p, 1996 WL 374184, at *5). Accordingly, once a claimant "clears" step two of the analysis, the fact that some of the claimant's impairments are not deemed to be severe at step two is "legally irrelevant." *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). The substance of Plaintiff's argument—that the ALJ failed to consider the alleged limitations attributable to her depression and anxiety—is discussed below.

### 3. RFC

Finally, Plaintiff asserts that the ALJ's RFC assessment is not supported by substantial evidence. In particular, Plaintiff contends that the RFC should limit her to "performing simple, routine, repetitive, concrete, and tangible tasks." (Docket no. 14, p. 16.)

In her decision, the ALJ raised several factors that cut against the need for the mental limitations that Plaintiff requests.  First, Plaintiff never pursued formal treatment for a mental health issue.  (TR 18.)  Second, Plaintiff reported activities of daily living that were inconsistent with significant mental limitations, such as reading, grocery shopping and taking care of pets.  (TR 138-43.)  Finally, Plaintiff testified that she left her receptionist position with National Home Healthcare because the company was sold (TR 31) and because of back pain (TR 32), without mentioning any issues associated with anxiety and/or depression.

Accordingly, substantial evidence in the record supports the ALJ's determination that Plaintiff is not limited to "simple, routine, repetitive, concrete, and tangible tasks."

## VI.    CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 13, 2018         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  June 13, 2018         s/ Leanne Hosking
                              Case Manager